**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SADARI IMARI BROWN,

      Plaintiff,

v.                                              Case No. 12-14829

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION,**
**(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**
**(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND**
**(4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Sadari Imari Brown appeals from Defendant Commissioner of Social

Security's denial of disability insurance benefits.  Magistrate Judge Mark A. Randon

issued a Report and Recommendation ("R&R") advising the court to deny Plaintiff's

motion for summary judgment and grant Defendant's motion for summary judgment.

Plaintiff timely filed an objection to the R&R to which Defendant responded.  After

reviewing the R&R and the parties' briefs, the court concludes that a hearing is

unnecessary.  *See* E.D. Mich. LR 7.1(f)(2).  For the reasons stated below and in the

R&R, the court will overrule Plaintiff's objection, adopt the R&R, grant Defendant's

motion for summary judgment, and deny Plaintiff's motion for summary judgment.

**I. STANDARD**

**A. Timely Objections and *De Novo* Review**

      The filing of timely objections to an R&R requires the court to "make a *de novo*

determination of those portions of the report or specified findings or recommendations

to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*,

447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de

novo* review requires the court to re-examine all of the relevant evidence previously

reviewed by the magistrate judge in order to determine whether the recommendation

should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

 "The filing of objections provides the district court with the opportunity to consider

the specific contentions of the parties and to correct any errors immediately," *Walters*,

638 F.2d at 950, enabling the court "to focus attention on those issues—factual and

legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147

(1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to

the district court will be preserved for appellate review; making some objections but

failing to raise others will not preserve all the objections a party may have.'"

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith

v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

 In a social security case, the court "must affirm the Commissioner's decision if it

'is supported by substantial evidence and was made pursuant to proper legal

standards.'"  *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42

U.S.C. § 405(g).  When, as here, the Appeals Council declines review of a plaintiff's

claim, "the decision of the ALJ becomes the final decision of the [Commissioner]."

*Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

2

The court's review of the record for substantial evidence is quite deferential to the ALJ.  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233.  Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

Plaintiff submits only one objection, that the Magistrate Judge failed to address Plaintiff's primary argument, that the ALJ "cherry-picked" the evidence by discounting all evidence supportive of the Plaintiff's claim.  In this regard, Plaintiff primarily, but not exclusively, focuses on the ALJ's treatment of her various Global Assessment of Functioning ("GAF") scores.  Plaintiff contends that the ALJ improperly focused on GAF scores of 55 or more, while ignoring the lower GAF scores, and that the Magistrate Judge failed to accurately address Plaintiff's argument that such treatment was indicia of "cherry-picking."  The court disagrees.

3

The Magistrate Judge thoroughly addressed the ALJ's treatment of the GAF scores, ultimately finding that any failure to address each and every GAF score was harmless.  Indeed, "the Commissioner has declined to endorse the Global Assessment Functioning score for use in the Social Security and Supplemental Security Income disability programs, and has indicated that Global Assessment Functioning scores have no direct correlation to the severity requirements of the mental disorder listings." *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411 415 (6th Cir. 2006) (citation and alterations omitted).  The Sixth Circuit has held that it is "not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score." *Kornecky*, 167 F. App'x at 511.  "[T]he failure to reference a Global Assessment Functioning score is not, standing alone, sufficient ground to reverse a disability determination." *DeBoard*, 211 F. App'x at 415 (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 341 (6th Cir. 2002)).

Here, as the Magistrate Judge pointed out, the ALJ noted many, but not all of the GAFs, but this does not in itself constitute error.  Indeed, the ALJ took a "broad view of the record" (R&R, Pg. ID # 670), considered evidence from all stages of Plaintiff's treatment, and applied a comprehensive analysis of her condition.  Though the ALJ did not mention each GAF score, there was no requirement to do so.  Moreover, the Magistrate Judge correctly noted that even when not referencing the low scores, the ALJ did address the hospitalization and treatment surrounding the lower scores.  (R&R, Pg. ID # 671-672.)  The Magistrate Judge further correctly explained:

> "Any failure to reference Global Assessment Functioning scores or to
> compare different scores attributed to the same subject, without more,
> does not require reversal." *DeBoard*, 211 F. App'x at 416.  Furthermore, "it

is well settled that: '[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'" *Kornecky*, 167 F. App'x at 507 (internal citation omitted).  "The fundamental question . . . is whether the ALJ's decision is supported by substantial evidence." *Dykes ex rel. Brymer v. Barnhart*, 112 F. App'x 463, 468 (6th Cir. 2004).  Because the ALJ's decision is supported by substantial evidence, any errors are harmless.  *See id.*, 112 F. App'x at 468.

(R&R, Pg. ID # 672.)  This analysis is entirely correct, and supported by the record, and the court adopts it as its own.[1]

Plaintiff also argues that the ALJ's "disparate treatment extended beyond GAF scores, but the court agrees with the Magistrate Judge to the contrary.  Indeed, "a thorough evaluation of the record reveals the ALJ's decision to be permissibly within the zone of choice afforded ALJ's in social security disability determinations."  (R&R, Pg. ID # 674, citing *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).)  The ALJ examined the record evidence to arrive at an allowable assessment of Plaintiff's impairments.  Though the Magistrate Judge found that this case presented a "close call" that does not mean that the ALJ's finding should be disturbed.  It is not the role of the reviewing court "to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2002).  Instead, the court must determine whether the Commissioner's determination was supported by substantial evidence.  *Id.*  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that

---

[1]The court is not persuaded that the lower GAF scores necessarily lead to a finding of disability in any event.  The Sixth Circuit has "affirmed denials of disability benefits where applicants had Global Assessment Functioning scores of 50 or lower." *DeBoard*, 211 F. App'x at 415 (collecting cases).

5

evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Here, the ALJ offered substantial evidence to support the finding that Plaintiff was not disabled. The Magistrate Judge did not fail to address Plaintiff's argument with respect to "cherry-picking": he just did not agree with the argument.  Neither does the court, and Plaintiff's objection will be overruled.

Having considered Plaintiff's objection and conducted a *de novo* review of the issue presented, the court finds the Magistrate Judge's R&R—which is particularly thorough and well-reasoned—to be correct.  The court will adopt it in its entirety and enter judgment for Defendant.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's objection [Dkt. # 17] is OVERRULED and that the Magistrate Judge's report and recommendation [Dkt. # 16] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 14] is GRANTED and that Plaintiff's motion for summary judgment [Dkt. # 11] is DENIED.

A separate judgment will issue.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  March 21, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 21, 2014, by electronic and/or ordinary mail.

     s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522